TED C. ZWIERZYNSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zwierzynski
Docket No. 15164-91
United States Tax Court
T.C. Memo 1993-30; 1993 Tax Ct. Memo LEXIS 30; 65 T.C.M. (CCH) 1805; January 27, 1993, Filed *30 Decision will be entered for respondent. Ted C. Zwierzynski, pro se. For respondent: Brian M. Harrington. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in and additions to tax in petitioner's Federal income tax as follows: Additions to Tax [1]
Year
Deficiency
Sec.
Sec.
Sec. 6653(a)(2)
Sec. 6654
6651(a)(1)
6653(a)(1)
1984
$ 7,847
$ 1,924.25
$ 392.35
50% of the
$ 480.18
interest due on
$ 7,697
1985
8,419
2,104.75
420.95
50% of the
480.75
interest due on
$ 8,419
Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec.
Sec.
Sec. 6654(a)
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 17,116
$ 4,190.25
$ 855.80
50% of the
$ 806.00
interest due on
$ 17,116
Some of the facts are stipulated *31 and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Ted C. Zwierzynski (petitioner) was a resident of Walkerton, Indiana, when the petition was filed. At issue is whether petitioner sustained a net operating loss in 1983, as well as an unused long-term capital loss, which could be carried forward by petitioner to offset the income and deficiencies which respondent determined against petitioner for the years 1984, 1985, and 1986. In the years in question, petitioner worked for wages as an electrician. The following table gives relevant and material information with respect to petitioner's income and tax liability for the years in question: Interest
Allowable Personal
Tax
Year
Wages
Income
Exemption
Withheld
1984
$ 31,599
$ 39.00
$ 1,000
[2] $ 150
1985
33,500
11.00
1,040
[2] 355
1986
54,224
--  1,080
--
For some period prior to the years in *32 question, petitioner operated three separate businesses known as Ted's Shell Service, Ted's Speedy Auto Wash, and West Wind Acres. All these businesses ceased operations in 1983. The amount of income or loss from these businesses for 1983, or for any other period, is not known, since petitioner filed no return for 1983, and produced no books and records for any of these businesses or for himself for 1983 or any other year. Petitioner's returns for 1984 and 1985 were filed with respondent on June 26, 1989, and his return for 1986 was filed with respondent on June 23, 1989. In the returns which he filed belatedly for 1984, 1985, and 1986, petitioner claimed losses, net operating loss carryforwards, capital losses, and capital loss carryforwards as follows: Net Operating
Capital Loss
Year
Loss
Loss Carryforward
Capital Loss
Carryforward
1984
$ 105,470
--    $ 3,000
--  1985
--   $ 76,831.77
-- $ 3,000
1986
--   46,320.61
-- 3,000
If allowable, such losses and carryforwards would have eliminated the income which petitioner showed in his returns for 1984, 1985, and 1986. As to all the issues presented in this case, both as to the determined *33 deficiencies and the determined additions to tax, the burden of proof was on petitioner. Rule 142(a); . To the extent that any of the underlying facts were stipulated or admitted, we have found them. Beyond that, however, there is simply no evidence in this record which will support petitioner's position and which would allow a decision for him to any extent. Petitioner admitted that the losses claimed in his 1984 return in fact were incurred in the year 1983, when he testified he lost his three businesses and all assets associated therewith. There was a complete lack of proof as to the amount or type of any of such losses. There was likewise nothing shown to indicate that petitioner had waived the necessary carryback to prior years of any net operating loss which he incurred, under the provisions of section 172(b)(3)(C). In short, there was a complete failure of proof all around. On this basis, there is simply nothing which we can do for petitioner. Decision will be entered for respondent. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Credit for these amounts should be given to petitioner in the collection process.↩